### CONHEIM *v.* CONHEIM.

1. DIVORCE—CUSTODY OF CHILDREN—EXAMINATION OF PARENT.
   Examination of defendant, now residing out of the State, might well have been required incident to investigation by the friend of the court on his petition for modification of decree of divorce as to custody of their daughter, 5½ years old at time of decree, where wife claimed, among other things, that the husband was not a proper person morally to have custody of the child and that no investigation of the defendant's home life and home conditions had been made by the friend of the court, notwithstanding he was not present for cross-examination and his presence had never been demanded.

2. SAME—CUSTODY OF CHILDREN—RECURRENCE OF EMOTIONAL UPSET.
   Order granting defendant husband, now residing out of the State, custody of daughter, 5½ years of age at time decree of divorce was granted wife, for 6 weeks during summer vacation, is set aside under record presented, where emotional upset she had sustained due to the domestic situation appears likely to recur if custody is shared with the husband.

3. SAME—MODIFICATION OF DECREE—COSTS.
   Costs are granted appellant wife upon reversal of order modifying decree of divorce as to custody of daughter in favor of defendant husband.

---

REFERENCES FOR POINTS IN HEADNOTES
[2] 17 Am Jur, Divorce and Separation §§ 683, 684, 686.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 3, 1951. (Docket No. 18, Calendar No. 44,501.) Decided December 3, 1951.

Divorce proceeding by Elise Conheim against Stanley B. Conheim. On petition of defendant for modification of decree as it relates to visitation. Decree modified. Plaintiff appeals. Reversed.

*A. Hilliard Williams* and *Percy M. Lovett,* for plaintiff.

*Harry N. Grossman* and *J. Leonard Hyman,* for defendant.

NORTH, J. This appeal, belatedly submitted at the present term of this Court, is from an order of the trial court made more than 3 years ago (July 2, 1948) amending a decretal provision as to the custody of a daughter, Lois Elaine Conheim, born of the parties hereto on July 23, 1941. In a decree of divorce obtained by the plaintiff wife December 26, 1946, custody of Lois, then approximately 5½ years of age, was given to her mother, the defendant father being decreed the "privilege of seeing and visiting said minor child, and of having said minor child in his temporary custody, at all reasonable times and places," he to pay $25 a week for the support and maintenance of the child. The parties then lived in Wayne county, Michigan. Plaintiff still lives there, but defendant at the time the present proceedings were before the trial court resided in Providence, Rhode Island. Each of the parties has remarried. In his sworn petition (filed April 15, 1948) defendant seeks to have the decree amended "by granting to this defendant custody of the minor child during entire summer vacation periods in addition to all reasonable rights of visita-

tion both to himself and his mother." Plaintiff, through her counsel, filed an answer, not under oath, in opposition to modification of the custody provision contained in the original decree.

On June 3, 1948, a report was filed by the friend of the court, to whom the matter had been referred. The showing in support of defendant's petition was an unverified letter from him addressed to the investigator for the friend of the court, dated May 13, 1948; and a subsequent letter to the investigator, the contents of which were sworn to by defendant, May 15, 1948. This latter communication pertains to defendant's "financial condition," his occupation as a sales agent working on commission with resulting annual earnings "estimated" to be "from $25,000 to $50,000." The report of the friend of the court which followed contains statements of some uncontroverted facts concerning the parties to this case, such as their respective ages, residence, their marriage and divorce, and further contains the following:

"The plaintiff wife objects to her former husband taking the child to his home because she believes the child is too young to be away from her mother for such a long period of time and also states her former husband is an improper person to have the child. * * * Visitation in this case is impractical except under the conditions desired by the defendant, and it is believed equitable that his petition be granted.

"IT IS RECOMMENDED that the decree be modified to provide that the defendant shall have the custody of the minor child for a period of *3 weeks* during the summer vacation providing he pays (as defendant had offered to do) all transportation costs and makes proper arrangements to take the child to his home and return her to Detroit."

Plaintiff filed objections to the foregoing recommendations of the friend of the court, asserting as reasons in support thereof the following:

"1. That the child is too young at the present time to be taken away from her mother and placed in the custody of a stepmother who is over 50 years of age and is a complete stranger to the child.

"2. That defendant is not a proper person morally to have custody of the child.

"3. That no investigation of the defendant's home life and home conditions has been made by the friend of court.

"4. That defendant is a traveling salesman and would be on the road traveling most of the time during the said 3 weeks' period.

"5. That the only reason defendant seeks custody of the child is to annoy and harass plaintiff because of plaintiff's insistence that defendant live up to the provisions of the decree with reference to alimony.

"6. That plaintiff has always permitted defendant to visit the child and to take the child while in Detroit, and has lived up the terms of the decree and objects to any modification thereof."

Defendant also filed objections to the recommendations as made by the friend of the court. These objections in the main were confined to defendant's claim that the period of 3 weeks during which he might have Lois in his custody was too short, asserting that if he were put to the expense of her transportation going to and returning from defendant's home in Rhode Island, and "the care and upkeep of said child during said period * * * that it would be in furtherance of equity and for the welfare of said child to permit her to remain with him during the entire summer vacation."

Subsequently the trial court made a further reference to the friend of the court to take testimony

concerning the matter pending and to report thereon to the court. Testimony was taken before an assistant to the friend of the court, as a referee, after which the previous recommendations of the friend of the court were renewed. Thereafter, and on July 2, 1948, the circuit judge entered an order amending the original decree of divorce, as follows:

"That the defendant, Stanley B. Conheim, shall have the custody of the minor child, Lois Elaine Conheim, for *6 weeks* during the summer vacation, and that he pay all transportation costs and make proper arrangements to take child to his home and return her to Detroit, and that pending said period, he shall not be required to pay the sum of $25 per week for the support of said child, as heretofore ordered."

At the hearing before the referee defendant offered no testimony, but under date of June 30, 1948, he made an affidavit in support of his petition, which affidavit was submitted incident to this hearing. Therein defendant denied plaintiff's assertion that his present petition was motivated by a desire to be relieved of the provision in the divorce decree requiring him to pay $25 per week for Lois' support; stated his objection to the adoption of Lois by plaintiff and her present husband to which he asserted he had been requested to consent; reiterated his love and affection for Lois and asserted that she "is not a weak or sick child, but is just an ordinary sweet child who will receive the best of care and attention while with him," and that in his opinion "the child will not be upset nor harmed, emotionally or otherwise, if she be permitted to remain with deponent for a reasonable period of her summer vacation." Other than the foregoing he rested on the showing previously made in his behalf, as noted

hereinbefore, and the cross-examination by his counsel of plaintiff's witnesses.

At no time was defendant present for cross-examination in these proceedings. It is true that his presence for cross-examination was not demanded nor even suggested by plaintiff's counsel; but in the exercise of reasonable care and caution, especially in view of the direct conflict in the claims of these respective parties, examination of defendant might well have been required incident to investigation by the friend of the court.

In a contrary showing at the hearing before the referee, while plaintiff did not testify, she produced 3 witnesses, each of whom apparently was impartial. The first of these witnesses was Dr. Donald Barnes, a practicing physician for 28 years who specialized in pediatrics. Briefly, his testimony was to the effect that some time prior to the hearing and for a considerable period he had treated Lois Conheim, whom he had found to be "rather highly emotional," and who because of the domestic trouble between her parents was afflicted with a sense of insecurity. He further testified: "The child's emotions have been tremendously disturbed. * * * I believe that it would be highly deleterious to the child, to be divided up between 2 households; I don't care whether it is for 1 week or 3 months." Incident to his care of Lois, Dr. Barnes had referred her to the Children's Center in Detroit, where there is a clinic operated to deal with "psychological behavior problems in children."

Elizabeth Herrington, another witness in behalf of plaintiff, who was associated with the Children's Center in Detroit, testified that her occupation or profession was "child guidance," and that she was designated as a "psychiatric classification worker." She testified to Lois having been brought to the Children's Center for treatment, where witness saw

the child, who "showed signs of being quite tense and nervous." Further testimony of this witness, which we will not detail, was in accord with the testimony given by Dr. Barnes.

Plaintiff's third witness was a teacher in the school attended by Lois and had observed her from the time she was in the first grade, about a year prior to the hearing. He testified: "I have had occasion to interview or talk with the child  *  *  *  (and) when I saw her, when she came into the first grade, she was full of a lot of fears that other children usually don't have, and she also was having quite a time adjusting herself with children.  *  *  *  I knew then that there was emotional upset.  *  *  *  I would not recommend to the court that Lois be separated from her mother for a period of 3, 6 or 8 weeks to go some place with her father at this time. I would say at the present time that it would be harmful to Lois to do that, because she is just getting over this emotional upset; she is just beginning to adjust to people and situations and feels secure, and I think it would be a severe blow to the child's emotional security to do it at this time." The testimony of the 2 witnesses, to whom reference has previously been made, in substance was in accord with that just above quoted.

We are mindful that the record appears to disclose that at the time testimony was taken, Lois had in a large degree, if not wholly, recovered from her "emotional upset"; but there was also testimony of its probable recurrence if the decretal provision as to her custody was modified as sought by defendant. Our review of this record, only the general purport of which is noted herein, brings the conclusion that the order of the circuit judge amending the provision of the original decree touching the custody of the minor child, Lois Conheim, should be vacated. A decree so providing may be entered

.in this Court, with costs to appellant; and the .case will be remanded to the circuit court with jurisdiction to hear and adjudicate any further proceedings therein.

REID, C. J., and BOYLES, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.